## United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BOLAND MARINE & INDUSTRIAL LLC | § § § | |
| *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-0536-S |
| BOUCHARD TRANSPORTATION COMPANY INCORPORATED | § § § § | |
| *Defendant* | § § § | |
| v. | § § | |
| BANK OF AMERICA NATIONAL ASSOCATION | § § § § | |
| *Garnishee* | § | |

### ORDER

The Court orders Plaintiff Boland Marine & Industrial, LLC ("Plaintiff") to submit supplemental briefing on its Motion for Order for Issuance of Process of Maritime Attachment and Garnishment, *see* ECF No. 3, by **March 10, 2020**. The supplemental briefing shall address only the property that allegedly belongs to Defendant Bouchard Transportation Co., Inc. ("Defendant") and is present or will soon be present in the district. *See* Compl. ¶ 3. The briefing shall include (1) where Defendant's alleged bank accounts are maintained and (2) whether Texas follows the "Separate Entity Rule." *See Sara Lee Corp. v. Gregg*, No. 1:02CV195, 2003 WL 23120116, at *3 (M.D.N.C. Dec. 18, 2003) ("[U]nder the separate entity rule, accounts may only be attached by serving the writ of attachment at the branch, or the main office, supposedly holding the funds for the debtor." (internal quotation marks omitted) (citation omitted)); *see also Great Plains Life Ins. v. First Nat'l Bank of Lubbock*, 316 S.W.2d 98, 104 (Tex. Civ. App.—Amarillo 1958, pet. denied)

("[A] branch bank is a separate entity and deposits made in a branch bank are payable there and only there . . . .").

**SO ORDERED.**

SIGNED March 3, 2020.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**